IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-30079 |
| | ) | |
| MICHAEL BASSETT, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Michael Bassett's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 23). For the reasons set forth below, Defendant's Motion is DISMISSED for lack of subject matter jurisdiction.

I. BACKGROUND

In October 2007, the Court adopted the Report and Recommendation Concerning Plea of Guilty and accepted Defendant's plea of guilty to distribution of cocaine base (crack) in violation of 21

U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).  See Minute Entry of October 17, 2007.  At sentencing, the Court sustained the parties' joint objection to the Presentence Investigation Report regarding the drug quantities for which Defendant was held accountable.  The Court found Defendant was accountable for 1.49 kilograms of crack, resulting in a base offense level of 34.  After a three-level reduction for acceptance of responsibility, Defendant's total offense level was 31, with an advisory sentencing guideline range of 188 to 235 months.  The Court accepted the Government's recommendation for a downward departure and sentenced Defendant to 169 months' imprisonment.

On July 29, 2011, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 23).  On August 4, 2011, Defendant filed a letter asking for the appointment of counsel.  See d/e 24.

The Court appointed counsel to represent Defendant.  On November 1, 2011, appointed counsel moved to withdraw.  Counsel asserted that the amendment to the sentencing guidelines did not change

Defendant's guideline range or sentence because Defendant's offense level under the old and amended Drug Quantity table was the same. See d/e 25. This Court allowed counsel to withdraw and offered Defendant the opportunity to supplement his pro se Motion. See Text Order dated November 2, 2011. Defendant has not filed any additional pleadings in support of his Motion.

## II. ANALYSIS

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011) (quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374).

The Sentencing Commission amended the sentencing guidelines by reducing the guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at *1 (W.D. Va. 2011).

Section § 3582(c)(2) allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based was not subsequently lowered by the Sentencing Commission. Specifically, the Court previously sentenced Defendant based on 1.49 kilograms of crack, which resulted in a base offense level of 34. See U.S.S.G. § 2D1.1(c)(3) (Drug Quantity Table) (2007) (providing a base offense level of 34 for at least 500 grams but less than 1.5 kilograms of crack). Under the amended guidelines, Defendant would still receive a base offense level of 34. See U.S.S.G. § 2D1.1(c)(3) (Drug Quantity Table) (2011) (providing a base offense level of 34 for at least 840 grams but less than 2.8 kilograms of crack). After a three-level reduction for acceptance of responsibility and with a criminal history

category of VI, Defendant's guideline range under both the old and amended guidelines is 188 to 235 months' imprisonment. See U.S.S.G. Sentencing Table (2007); U.S.S.G. Sentencing Table (2011). Because the Amendment has no effect on Defendant's guideline range, Defendant is not entitled to a reduction in his sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range"); United States v. Taylor, 627 F.3d 674, 676 (7th Cir. 2010) (relief under §3582(c)(2) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'") (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

### III. CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 23) is DISMISSED for lack of subject matter jurisdiction.

ENTER: December 14, 2011

FOR THE COURT:

                                             <u>s/ Sue E. Myerscough</u>
                                                 SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE